## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**KENESHA SMITH**                                                                           **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO. 4:21-cv-00084-SA-JMV**

**HUMPHREYS COUNTY, MISSISSIPPI;
HUMPHREYS COUNTY SHERIFF
CHARLES SHARKEY, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY;
DEAN JOHNSON, IN HIS INDIVIDUAL;
CAPACITY; AND, TYRONE GARDNER,
IN HIS INDVIDUAL CAPACITY**                            **DEFENDANTS**

### AMENDED COMPLAINT
### (JURY TRIAL REQUESTED)

      **COMES NOW** Kenesha Smith, by and through her attorney, and files her Amended Complaint against the Defendants, Humphreys County, Mississippi; Humphreys County Sheriff Charles Sharkey, in his Official and Individual Capacity; Dean Johnson, in his Individual Capacity; and, Tyrone Gardner, in his Individual Capacity, as follows:

### JURISDICTION AND VENUE

      1.      This suit is authorized and instituted pursuant to Title VII of the CIVIL RIGHTS ACT of 1964, as amended, 42 U.S.C. §§ 2000, *et seq*.; CIVIL RIGHTS ACT of 1866, 42 U.S.C. § 1981, 42 U.S.C. § 1983; the FAIR LABORS STANDARDS ACT, as amended, 29 U.S.C. § 201, *et seq*., and, the FIRST and FOURTEENTH Amendments of the UNITED STATES

CONSTITUTION. Jurisdiction of the Court is invoked pursuant to 42 U.S.C. § 2000E-5(f); 28 U.S.C. § 1343(a)(3) and (4); and, 28 U.S.C. § 1331.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b). A substantial part or all of the events or omissions giving rise to these claims complained of by Plaintiff occurred in Humphreys County, Mississippi.

**PARTIES**

3. Plaintiff Kenesha Smith (hereinafter "Smith") is an adult African-American female resident citizen of Humphreys County, Mississippi.

4. Defendant Charles Sharkey (hereinafter "Sheriff Sharkey") is the Sheriff of Humphreys County, Mississippi. At all times herein, Sheriff Sharkey was acting within the course and scope of his employment of Humphreys County, Mississippi. Sheriff Sharkey may be served with process of this Court by service on him at his business address of Humphreys County Sheriff's Office, 107 N. Hayden Street, Belzoni, Mississippi 39038.

5. Defendant Dean Johnson, in his Individual Capacity, (hereinafter "Chief Deputy Johnson") is the Chief Deputy of Humphreys County, Mississippi. At all times herein, Chief Deputy Johnson was acting within the course and scope of his employment of Humphreys County, Mississippi. Chief Deputy Johnson may be served with process of this Court by service on him at his business address of Humphreys County Sheriff's Office, 107 N. Hayden Street, Belzoni, Mississippi 39038.

6. Defendant Tyrone Gardner, in his Individual Capacity, (hereinafter "Gardner") upon information and belief, is a Reserve Officer with the Humphreys County Sheriff's Office. Gardner may be served with process of this Court by service on him at

his business address of Humphreys County Sheriff's Office, 107 N. Hayden Street, Belzoni, Mississippi 39038.

7. Defendant Humphreys County, Mississippi was and still is a county organized and existing under and by virtue of the laws of the State of Mississippi. The County may be served with process of this Court in care for its agent for service, Richard Stevens, President, Humphreys County Board of Supervisors, Humphreys County Courthouse, 148 Castleman Street, Belzoni, Mississippi 39038 or the Humphreys County Chancery Clerk, Mark D. Lindell, the same address.

## STATEMENT OF FACTS

8. Plaintiff Kenesha Smith began employment as a 911 Dispatcher with the Humphreys County Sheriff's Office on or about April 4, 2020.

9. Due to child care issues during the COVID 19 Pandemic, Plaintiff Smith separated employment on September 23, 2020.

10. In October 2020, Sheriff Sharkey and Chief Deputy Johnson visited Plaintiff Smith at her residence and offered Plaintiff Smith a $500.00 bonus to return as an E911 dispatcher with the Humphreys County Sheriff's Department.

11. On or about October 26, 2020, Plaintiff Smith returned to the position of E911 Dispatcher with the Humphreys County Sheriff's Department.

12. Plaintiff Smith was a trained and certified E911 dispatcher. Pursuant to United States Department of Labor guidance, public safety dispatchers are non-exempt employees.

13. At times, Plaintiff Smith worked in excess of 40 hours per week, but was not compensated appropriately.

14. At all times employed, Plaintiff Smith was required to work 12-hour shifts without meal breaks or bathroom breaks. Defendants told Plaintiff Smith to take 911 calls via headset while in the restroom, addressing her monthly cycle or other personal hygiene.

15. Plaintiff Smith was not provided a written handbook or copies of policies defining a work week, a pay period, how the County FLSA procedures applied to her and/or how to file an FLSA grievance.

16. In November 2020, Reserve Officer Gardner began harassing Plaintiff Smith regarding whom Smith was dating and, additionally, pressuring her to date within the Humphreys County Sheriff's Department.

17. Defendant Gardner made it clear that it was not only permissible to date within the department[1], but it would help Plaintiff Smith's career.

18. When Plaintiff Smith verbally raised the subject of Defendant Gardner's harassing behavior to Sheriff Sharkey or Chief Deputy Johnson, her concerns were summarily dismissed.

19. Defendants terminated Plaintiff Smith's employment on or about March 17, 2021.

---

[1] Upon information and belief, Defendant Gardner was dating and/or is dating within the Humphreys County Sheriff's Department.

20.     Plaintiff Smith was not provided a reason for her termination, other than she was an at-will employee.

21.     After termination, Sheriff Sharkey advised Plaintiff Smith to file for unemployment benefits and he would "sign".

22.     Plaintiff Smith filed for unemployment benefits and has been receiving the same.

23.     At no time did Plaintiff Smith receive training regarding how to resolve claims of harassment within the Humphreys County Sheriff's Department or Humphreys County, receive policies addressing how to stop harassment or have available practices to abate harassment and a hostile work environment.

24.     Upon information and belief, Defendant Gardner has a history of criminal charges and/or conviction(s) which prohibit him from carrying a firearm.  Nevertheless, Defendant Gardner carries, at least on occasion if not at all times, a firearm while serving as a Humphreys County reserve officer.

25.     Humphreys County reserve or auxiliary officers supposedly serve pursuant to MISS. CODE §45-6-1, *et seq*.  Such public service is pursuant to meeting statutory requirements regarding training and other professional matters, and such public service is without pay.

26.     Defendants herein are violating Mississippi statutes in their employment of Defendant Gardner, and perhaps others.

27.     Among other violations, Humphreys County compensates Defendant Gardner by paying his "trucking company" as reflected on its claims docket.

28. Humphreys County, by and through its Board of Supervisors and Sheriff, have improperly approved and/or compensated Gardner's public service.

29. Upon information and belief, Defendant Johnson likewise does not meet the qualifications and certifications necessary to hold the position of law enforcement officer for Humphreys County.

30. Humphreys County, by and through its Board of Supervisors and Sheriff, have improperly approved compensation for Defendant Johnson's public service.

## CAUSES OF ACTION

### COUNT I - VIOLATION OF THE FAIR LABOR STANDARDS ACT

31. Plaintiff Smith incorporates by reference paragraphs 1 through 30 above as though each was restated entirely.

32. Plaintiff Smith was a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff Smith was entitled to overtime pay for all overtime hours worked.

33. The FAIR LABOR STANDARDS ACT requires that employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

34. Plaintiff Smith has not been paid overtime compensation under the FAIR LABOR STANDARDS ACT at a rate of 1 ½ her regular rate of pay.

35. Plaintiff Smith has not been paid the FAIR LABOR STANDARDS ACT minimum wages for every week she worked for Defendants, nor was she properly paid for "break time" spent working.

36. The acts of Defendants constitute a willful, intentional violation of the FAIR LABOR STANDARDS ACT.

### COUNT II - SEXUALLY HOSTILE WORK ENVIRONMENT

37. Plaintiff Smith incorporates by reference paragraphs 1 through 36 above as though each was restated entirely.

38. Plaintiff Smith contends Tyrone Gardner's repeated unwanted and unwelcomed demands to know her dating life details and for her to arrange sexual liaisons with a co-worker had the effect of unreasonably interfering with Plaintiff's work performance and created an intimidating, hostile and offensive work environment.

39. Plaintiff Smith contends Sheriff Sharkey, Chief Deputy Dean Johnson and Reserve Officer Tyrone Gardner conditioned the terms and conditions of her continued employment on her acquiescence to the demands of Tyrone Gardner to abandon and/or arrange sexual liaisons.

40. As a proximate consequence of the actions of Defendants Sharkey, Johnson and Gardner, Plaintiff Smith suffered damages.

41. Plaintiff brings her hostile work environment claim pursuant to both Title VII and 42 U.S.C. §1981, 1983, *et seq*.

### COUNT III - SEX DISCRIMINATION

42. Plaintiff Smith incorporates by reference paragraphs 1 through 42 above as though each was restated entirely.

43. Plaintiff Smith contends that Tyrone Gardner and other Defendants subjected her to discrimination on account of her sex by engaging and coercing her in conversation about whether Plaintiff would end her existing dating relationship and, instead, have sex with his friend/law enforcement partner in exchange for continued employment with the Humphreys County Sheriff's Department.

44. Plaintiff Smith contends that Humphreys County and the other Defendants conditioned the terms and conditions of her continued employment on her terminating a personal dating relationship and/or acquiescence to arrange sexual liaisons with Tyrone Gardner's partner.

45. As a proximate consequence of the actions of the Defendants, Plaintiff Smith suffered damages.

46. Plaintiff brings her sex discrimination claim pursuant to both Title VII and 42 U.S.C. §1981, 1983, *et seq*.

### COUNT IV - RETALIATION-FIRST AMENDMENT AND TITLE VII

47. Plaintiff Smith incorporates by reference paragraphs 1 through 46 above as though each was restated entirely.

48. Plaintiff Smith contends Sheriff Sharkey and Humphreys County retaliated against her by terminating her when she told him she would not assist Gardner in his efforts to interfere with her personal dating life and/or have sex with an employee under

his supervision and chastised him about other sexually derogatory conduct in the workplace. Sheriff Sharkey terminated Plaintiff Smith's employment but retained employees who were aware of Defendant Gardner's indiscretions as well as other deputies who engaged in sexual misconduct under Sheriff Sharkey's supervision. This had the effect of unreasonably interfering with Smith's interest in continual employment with the Humphreys County Sheriff's Department.

49. Upon information and belief, Sheriff Sharkey was the official policy maker for the Humphreys County Sheriff's Department[2], and any reasonable sheriff would have known in 2021 that he could not condition an employee's job on personal dating matters or her willingness to arrange sexual encounters with other law enforcement personnel. In addition, any reasonable sheriff would have known in 2021 that Smith had a right to speak out against sexual harassment in the workplace, especially sexual harassment perpetuated by the County's Chief Law enforcement officers.

50. As a proximate consequence of the actions of the Defendants, Plaintiff Smith suffered damages.

51. Plaintiff brings her sex discrimination claim pursuant to both Title VII and 42 U.S.C. §1981, 1983, *et seq*.

## COUNT V - BREACH OF CONTRACT

52. Plaintiff Smith incorporates by reference paragraphs 1 through 51 above as though each was restated entirely.

---

[2] As the elected head of a county department, Sheriff Starkey is also the final decision maker for Humphreys County with respect to any employment decisions regarding Plaintiff Smith.

53. Plaintiff Smith contends Sheriff Sharkey used his apparent authority to cause her at-will employment contract to be terminated because Smith refused to engage in unlawful conduct of solicitation by Tyrone Gardner for sexual favors with Gardner's colleague.

54. Upon information and belief, Sheriff Sharkey knew or should have known that he was breaching Plaintiff Smith's contract and that he could not fire Smith because she refused to alter her dating life and/or arrange sexual encounters.

55. As a proximate consequence of the Defendants' actions, Plaintiff Smith suffered damages and economic harm.

## COUNT VI – CONSPIRACY

56. Plaintiff Smith incorporates by reference paragraphs 1 through 55 above as though each was restated entirely.

56. Two or more of the Defendants, in their individual capacities, entered into an agreement to harass Plaintiff Smith and force her employment separation from Humphreys County.

57. The agreement was to accomplish an unlawful purpose or a lawful purpose unlawfully; namely to harass Plaintiff Smith and for her employment separation.

58. The conspirators took one or more overt acts in furtherance of the conspiracy such as planning, communicating, cajoling and ultimately removing Plaintiff Smith from her employment.

59. As a proximate consequence of Defendants' actions, Plaintiff Smith suffered damages and economic harm.

## DAMAGES

60. Plaintiff adopts and restates by reference paragraphs 1 through 59 above as though each was restated entirely.

61. As a consequence of the foregoing misconduct of Defendants, Plaintiff Kenesha Smith sustained lost wages, loss of employment, great mental distress, depression, insomnia, shock, fright and humiliation.

62. As a consequence of the foregoing misconduct of Defendants, Plaintiff Kenesha Smith has been damaged in an amount exceeding the jurisdictional requirements of this Court.

## REQUEST FOR RELIEF

Plaintiff Smith requests that the Court issue the following relief:

a. Enter relief determining that one or more of the Defendants condoned a sexually hostile work environment, engaged in work place harassment, conditioned Plaintiff's employment on her willingness to tolerate sexual harassment, violated her constitutional rights, affected her employment contract and conspired against Kenesha Smith, and prohibiting Defendants from future engaging in such discrimination and retaliatory practices;

b. Enter relief prohibiting Defendants from discriminating, harassing and retaliating against Plaintiff because of her gender or because she engaged in protected activity;

c. Award Plaintiff Kenesha Smith reinstatement or, in the alternative, front pay, equitable back pay, economic damages for her lost pay and fringe benefits, together with compensatory and punitive damages for intentional discrimination, harassment and other illegal acts in the amount to be determined by a jury of her peers;

d. Award Plaintiff Kenesha Smith attorney fees, costs and expenses of litigation; and,

e. Award Plaintiff punitive damages to punish Defendants for their unlawful conduct.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Kenesha Smith demands judgment against Defendants in an amount exceeding the jurisdictional requirements of this Court, all together with the costs and disbursement action, including attorney fees, plus interest, and for any other relief which this Court deems just and proper.

Respectfully submitted this the 26th day of January, 2022.

            KENESHA SMITH

            By: /S/PIETER TEEUWISSEN
               PIETER TEEUWISSEN, MSB# 8777

SIMON & TEEUWISSEN, PLLC
621 EAST NORTHSIDE DRIVE
JACKSON, MISSISSIPPI 39206
OFFICE: 601-362-8400