IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KENESHA SMITH                                                      PLAINTIFF

V.                                             CIVIL ACTION NO. 4:21-CV-84-SA-JMV

HUMPHREYS COUNTY, MISSISSIPPI; CHARLES
SHARKEY (In His Official and Individual Capacity);
DEAN JOHNSON (In His Individual Capacity); and
TYRONE GARDNER (In His Individual Capacity)          DEFENDANTS

ORDER

Now before the Court is the Defendants' Motion to Dismiss [27]. The Motion [27] has been fully briefed and is ripe for review.

*Brief Factual and Procedural Background*

On July 21, 2021, Kenesha Smith initiated this civil action by filing her Complaint [1], wherein she raises multiple claims arising from her former employment with the Humphreys County Sheriff's Office. Her original Complaint [1] asserted claims for (1) violations of the Fair Labor Standards Act; (2) sexually hostile work environment in violation of Title VII; (3) sex discrimination in violation of Title VII; (4) retaliation in violation of the First Amendment and Title VII; and (5) breach of contract.

On November 29, 2021, the Defendants filed a Motion to Dismiss [27] and, in their supporting Memorandum [28], aver that the Court should "dismiss[] all allegations in Plaintiff's complaint based on or in relation to Title VII of the Civil Rights Act of 1964 because plaintiff failed to exhaust her administrative remedy at the EEOC." [28] at p. 2. The Defendants argue that, although Smith filed an EEOC Charge, the Title VII claims raised in her Complaint [1] could not reasonably be expected to grow out of the allegations contained in the EEOC Charge.

On January 4, 2022, Smith filed a Motion for Leave to Amend [39], requesting that the Court permit her to file an Amended Complaint "for the purpose of clarifying and adding claims." [39] at p. 2. The Court granted the request, and Smith filed her Amended Complaint [53] on January 26, 2022. The Amended Complaint [53] adds some additional facts which were not included in the original Complaint [1]. The Amended Complaint [53] also adds a claim for conspiracy, as well as asserting 42 U.S.C. § 1981 and 42 U.S.C. § 1983 as avenues for relief for her discrimination claims.

*Analysis and Discussion*

The Court notes that the Defendants' Motion to Dismiss [27] requests dismissal of a complaint which is no longer the operative complaint. This Court has previously noted: "Generally, 'an amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleadings.'" *Richardson v. Saul*, 2021 WL 1156621, at *2 (N.D. Miss. Mar. 26, 2021) (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). "When a motion to dismiss has been filed against a superseded complaint, the proper course ordinarily is to deny the motion to dismiss as moot." *Id*. (quoting *Ellis v. Lowndes Cnty.*, 2017 WL 4678222, at *1 (N.D. Miss. Oct. 17, 2017)).

Here, the Defendants raised their failure to exhaust arguments in response to the original Complaint [1]; however, when Smith filed her Amended Complaint [53], they did not renew their request for dismissal. It is unclear from the filings on the docket whether the Defendants' decision to do so was a strategic one or whether they intended for the Court to nevertheless rule on the pending Motion [27].

This confusion is understandable, as other district courts in this circuit have noted that "[c]ourts vary in how they proceed when a plaintiff files an amended complaint while a Rule 12(b)(6) motion is still pending." *Rodgers on Behalf of CJTJ v. Gusman*, 2019 WL 186669, at *2 (E.D. La. Jan. 14, 2019) (collecting cases); *see also La. v. Bank of America Corp.*, 2020 WL 3966875, at *5 (M.D. La. July 13, 2020) (same).

Nevertheless, the Court, consistent with the general rule referenced above, will deny as moot the Motion to Dismiss [27]. *See Richardson*, 2021 WL 1156621 at *2; *see also Gross v. Life Ins. Co. of the Southwest*, 2022 WL 601030, at *1 (N.D. Miss. Feb. 28, 2022) ("As the first amended complaint has been superseded by the second amended complaint, [the defendant's] first motion to dismiss is now moot and will be denied as such."). However, the Court, in doing so, specifically notes that its denial is *without prejudice*. The Defendants may file a renewed Motion to Dismiss or otherwise seek dismissal of the affected claims at the summary judgment stage if they desire to do so.

## Conclusion

For the reasons set forth above, the Defendants' Motion to Dismiss [27] is DENIED *without prejudice*.

SO ORDERED, this the 23rd day of August, 2022.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE