# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**KENESHA SMITH**                                                                                **PLAINTIFF**

**VS.**                            **CIVIL ACTION NO. 4:21-cv-00084-SA-JMV**

**HUMPHREYS COUNTY, MISSISSIPPI, et al.**          **DEFENDANTS**

### MEMORANDUM OF AUTHORITIES
### IN SUPPORT OF THE
### JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT

**COME NOW** Plaintiff Kenesha Smith, joined by Defendant Humphreys County, Mississippi (collectively, "the PARTIES"), each by and through undersigned counsel, and file, pursuant to ORDER OF THE COURT [DOC.] 132, their MEMORANDUM OF AUTHORITIES IN SUPPORT of the JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT [DOC.] 131, and in support would show unto the Honorable Court as follows:

## I. INTRODUCTION

Kenesha Smith, a state-certified Humphreys County E911 dispatcher, was terminated on March 17, 2021. With leave of court, Kenesha Smith filed an Amended Complaint [DOC.] 53 raising *inter alia* six claims: FLSA, Sexually Hostile Work Environment, Sex Discrimination, Retaliation – First Amendment and Title VII, Breach of Contract and Conspiracy. *See* Amended Complaint, [DOC.] 53, ¶¶ 31 to 59. Facts surrounding Plaintiff's employment separation are detailed in the Parties' earlier filings, specifically [DOC.] 114, 115, 119, and 120. Not addressed in those filings, however, is COUNT I (FLSA) which is applicable solely to the Plaintiff and Humphreys County. The Parties, having prepared the pre-trial orders and having participated in the pre-trial

conference, subsequently participated in mediation with Magistrate Judge Virden, [DOC.] 130. As a result of the mediation, the PARTIES have reached a proposed settlement of all claims, including Plaintiff's bona fide FLSA claim found in [DOC.] 53. The parties now submit the following memorandum of authorities in support of the JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT [DOC.] 131.

## II. FACTUAL AND PROCEDURAL RECORD

Kenesha Smith (Plaintiff) is a life-long Humphreys County resident who graduated from Humphreys County High School in 2007. While holding a variety of jobs since high school, Plaintiff successfully completed eight years in the United States Army Reserve.[1] She chose not to re-enlist, separating at the rank of Sgt.[2] She never filed a workplace grievance until this matter.[3]

Plaintiff was originally hired as an E911 officer through the City of Belzoni in early 2020.[4] While not having executed an interlocal agreement, Belzoni and Humphreys County share a common E911 dispatch location and structure.[5] The County hired Plaintiff directly in August 2020, though she stepped away in September 2020 due to child care issues caused by COVID.[6] Shortly thereafter, Sheriff Sharkey and Chief Deputy Johnson came to Kenesha's home asking her to return as a dispatcher and proposing some workplace flexibility. Kenesha worked from October 2020 until her termination on March 17, 2021.

---

[1]    Plaintiff *at 7*. Deponent [Name] at [#] references deposition testimony.
[2]    *Id*.
[3]    *Id*. at 20-21.
[4]    Johnson at 11-12.
[5]    Hump. Co. at 9.
[6]    Plaintiff at 30, 150.

In response to specific discovery requests, Humphreys County produced documents (Bates Numbers 0111–0122) reflecting pay records for Plaintiff. Upon review, Plaintiff identified that the time card documents were incomplete; Humphreys County subsequently produced the back of the time cards as well. Review of the time cards in conjunction with other produced documents pertaining to Plaintiff's compensation indicated: a) Humphreys County was paying Plaintiff for hours worked in a 28 day period; b) Humphreys County paid some overtime and holiday pay; and c) the hours Plaintiff worked would vary from week to week with some weeks exceeding 40 hours while other weeks were less than 40 hours. Additionally, Plaintiff testified that she was not allowed adequate time for shift breaks during her 12 hour shifts.

### III. APPLICABLE LAW

A. THE FAIR LABOR STANDARDS ACT

The Fair Labor Standards Act (FLSA) was enacted in 1938 "to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental . . . to the general well-being of workers.'" *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981). Under the FLSA maximum hours provision, "no employer shall employ any of [its] employees . . . [for a workweek longer than forty hours] . . . unless such employee receives compensation for [her] employment in excess of the hours above specified at a rate not less than one and one-half times regular rate at which [she] is employed." 29 U.S.C. § 207(a)(2). An aggrieved employee may bring an individual or collective statutory wage and hour claim "in any Federal or State Court of competent jurisdiction." *Id*. § 216(b). Under § 216 (b), "any employers who violate the provision of §§ 206 or 207 of this title shall be liable to

3

the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in additional equal amount as to liquidated damages." *Id.* When a plaintiff brings a wage and hour action, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff[], allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.*

In sum, the FLSA empowers an individual who has not received proper wage and hour payment to bring an action recovering both actual and liquidated damages, and additionally recovering reasonable attorney's fees to be paid by the defendant as well as costs of the action.

    B.    FAIR AND REASONABLE SETTLEMENT OF A BONA FIDE DISPUTE

Over time courts have "move[d] away from the rigid interpretation of statutory rights of the 1940's to a regime which supports settlement as a favored means of resolving disputes." *Martinez v. Bohls Bearing Equipment Co.*, 361 F. Supp. 2d. 608, 630 (W.D. Tex. 2006) (citing *Thomas v. Louisiana*, 534 F.2d 613, 615 (5th Cir. 1976). *Martinez* holds that, because there was a bona fide dispute, court approval of the agreement was unnecessary. The Fifth Circuit subsequently adopted and clarified the *Martinez* holding in *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012).

As the Court notes in its Order [DOC.] 132, typically district courts review and approve FLSA settlements. Court review involves first determining whether a bona fide dispute exists as it pertains to FLSA and, second, whether the proposed settlement agreement between the parties is fair and reasonable. *Ellis v. Baptist Mem'l Health Care Corp.*, No. 3:18-cv-73-SA-JMV (N.D. Miss. March 31, 2021). The bona fide analysis involves more than the mere "presence of an adversarial lawsuit"; "there must also be

4

some doubt regrading whether the plaintiff[] will succeed on the merits." *Id.* (citation omitted). The fair and reasonable analysis involves consideration of six factors:

> (1) The existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the possibility of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members.

*Id.* at 4, (citations omitted)

## IV. ANALYSIS

Discovery in the present matter included depositions of Humphreys County via Rule 30(b)(6), depositions of the individual defendants, Plaintiff's deposition and the deposition of an E911 co-worker/supervisor. Depositions included questions regarding Plaintiff's FLSA status (exempt/non-exempt), the E911 work and pay period, and duties of an E911 dispatcher.[7] In addition to depositions, Plaintiff propounded interrogatories and requests for production specifically inquiring as to how Humphrey County classified and paid its E911 dispatchers.[8] Humphreys County in turn produced Plaintiff's time cards while acknowledging that it did not have any formal policy for classifying E911 dispatchers or calculating regular pay versus overtime pay for non-sworn members of the Sheriff's Office. For example, Plaintiff was paid overtime or holiday pay on some occasions but

---

[7] The depositions also included considerable testimony regarding the other causes of action.
[8] 29 CFR Part 516 contains the FLSA record keeping requirements (14 items per employee). *See* U.S. Dep't of Labor Fact Sheet #21. Discovery was propounded accordingly.

was not paid for working in excess of forty hours during a seven day period on other occasions.

Discovery revealed that Humphreys County was mistakenly compensating Plaintiff as if she was sworn law enforcement subject to the 7(k) exemption.[9] The 7(k) exemption does not apply to public safety dispatchers who otherwise are not sworn and who do not possess law enforcement/arrest authority; here, it is undisputed that Plaintiff was neither sworn nor possessed any law enforcement/arrest authority. Under such circumstances, a civilian public dispatcher is entitled to overtime for all hours worked in excess of 40 in a workweek. WWW.wagehour.dol.gov, September 28, 2006 (FLSA 2006-36). The Department of Labor guidance specifically address employees who work excess hours in one week but less than excess hours in another week. Because Humphreys County improperly classified Plaintiff, she routinely worked in excess of 40 hours in a workweek followed by a workweek of less than 40 hours, all calculated at straight time to comply with the 7(k) 216 hour sworn law enforcement rule.

A bona fide wage dispute exists because Humphreys County reasonably believed it could classify and pay Plaintiff pursuant to 7(k) [the 216 hour rule] while Plaintiff contends she was a civilian subject to 7(a) [the 40 hour rule]. Further, Humphreys County and the Plaintiff disagreed as to whether Plaintiff received adequate break time during her shifts and whether compensation is due for break time. Finally, Humphreys County has migrated to a bio-metric time system and Plaintiff's time records were generated by the previous system. The upshot is that the County and Plaintiff have litigated her

---

[9] 29 U.S.C. § 207(k) permits a public agency to utilize "216 hours worked in a 28 consecutive days" work period for employees engaged in sworn law enforcement activities.

classification and hours worked with the County asserting that it acted in good faith and noting that Plaintiff did not raise a pay claim while employed. On the other hand, Plaintiff asserts she cannot waive her statutory FLSA rights and that she worked as requested and directed by the County.

With respect to whether the proposed settlement is fair and reasonable, the applicable factors favor resolution.[10] There was no fraud or collusion as Plaintiff produced specific calculations and underlying rationale to explain her loss, the calculations/rationale was discussed with the magistrate judge, and the calculations strictly followed the applicable statutory scheme. Although the litigation was not complex, it has involved significant expense in nature of depositions and discovery, and ultimately a proposed resolution occurred only after the pre-trial conference where the parties acknowledged the FLSA claim was not subject to the pending summary judgment motions but was limited in amount. Discovery on the FLSA claim included specific interrogatories and requests for production as well as deposition inquiry into the Humphreys County E911 operations ranging from time keeping to scheduling to personnel manuals/materials. Ultimately, the Parties reached an agreement at the upper range of possible recovery, but an agreement that is mathematically tied to the underpaid hours during the alternating weeks in excess of 40; no recovery was sought for the limited, properly paid holiday pay and few hours of overtime acknowledged contemporaneously by the County on the time cards.

With respect to the proposed attorney's fee and expenses, both are toward the lower end of the recovery range. When an FLSA claim is proven at trial, Plaintiff's counsel

---

[10] Because this is an individual rather than class action, the sixth factor is inapplicable.

is entitled to a lodestar of the number of hours an attorney reasonably spent multiplied by an appropriate hourly rate within the community. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). After calculating the lodestar, a district court may deviate upward or downward via application of the twelve *Johnson* factors. *Id.* "Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of the judgment in the case by many multiples." *Howe v. Hoffman-Curtis*, 215 F.App'x 341, 342 (5th Cir. 2007)(affirming an attorneys fee award five times the FLSA recovery and citing with approval other such awards including one for eight times the recovery).

Here, the sole expense sought by Plaintiff's counsel is the Court's filing fee and the attorneys fee request of $2,500 represents 12.5 hours at $200 per hour (again, at the lower end of the hourly range submitted to Mississippi federal courts).[11] The time incurred by Plaintiff's counsel is separate from the time necessary to prosecute the Title VII and First Amendment retaliation claims: the FLSA claim required separate lines of written discovery and deposition testimony; review of materials distinct from the other claims brought by Plaintiff; separate legal research; and, a specific damages calculation separate from the damages sought in the civil rights claims. The proposed fee complies with the applicable law, reflects reasonableness and indicates conservative billing judgment.

---

[11] Plaintiff is not seeking any contingency fee recovery from the FLSA claim.

## V. CONCLUSION

The Parties respectfully submits that a bona fide dispute exists as to whether Humphreys County is liable to Plaintiff for unpaid overtime wages and if so, in what amount. The Parties further respectfully submit that the proposed settlement is fair and reasonable, arose from arms-length negotiations occurring after the close of an active discovery period, and that there was no fraud or collusion in arriving at the proposed settlement. Accordingly, the Parties ask the Court, at the conclusion of its analysis for fairness and reasonableness, to enter its order approving the JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT [DOC.] 131.

Respectfully submitted this the 6th day of February, 2023.

KENESHA SMITH

/s/Pieter Teeuwissen
PIETER TEEUWISSEN, MSB# 8777
COUNSEL FOR KENESHA SMITH

SIMON & TEEUWISSEN, PLLC
621 EAST NORTHSIDE DRIVE
JACKSON, MISSISSIPPI 39206
OFFICE: 601-362-8400

TIMOTHY PEEPLES, ESQ.
DANIEL COKER HORTON & BELL
265 NORTH LAMAR BOULEVARD, SUITE R
OXFORD, MISSISSIPPI 38655
Office: 662-232-8979

/S/TIMOTHY PEEPLES (AGREED)
TIMOTHY PEEPLES, MSB# 100103
COUNSEL FOR HUMPHREYS COUNTY,
MISSISSIPPI, CHARLES SHARKEY AND
DEAN JOHNSON

9

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he has this day electronically filed the foregoing PARTIES' MEMORANDUM OF AUTHORITIES IN SUPPORT OF [DOC.] 131, JOINT MOTION FOR THE COURT APPROVAL OF SETTLEMENT, with the Clerk of the Court using the Court's electronic filing system (ECF), which sent notification of such filing to all attorneys of record.

Respectfully submitted this the 6th day of February, 2023.

/s/Pieter Teeuwissen
PIETER TEEUWISSEN, MSB# 8777