IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KENESHA SMITH                                                                   PLAINTIFF

v.                                                      CIVIL ACTION NO. 4:21-CV-84-SA-JMV

HUMPHREYS COUNTY, MISSISSIPPI;
HUMPHREYS COUNTY SHERIFF
CHARLES SHARKEY, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY; DEAN
JOHNSON, IN HIS INDIVIDUAL CAPACITY;
TYRONE GARDNER, IN HIS INDIVIDUAL
CAPACITY                                                                       DEFENDANTS

ORDER AND REASONS

On July 21, 2021, Kenesha Smith filed her Complaint [1] against Humphreys County, Mississippi; Humphreys County Sheriff Charles Sharkey, in his official and individual capacities; Dean Johnson, in his individual capacity; and Tyrone Gardner, in his individual capacity, alleging, among other things, violations of the Fair Labor Standards Act ("FLSA").[1] The parties move jointly for Court approval of their settlement agreement. *See* [131].

*Relevant Factual and Procedural Background*

Smith was employed by the Humphreys County Sheriff's Office as a 911 dispatcher from approximately September 2020 through March 2021. She alleges that during that time, she was not properly paid for the overtime hours she worked, including when she was required to work during breaks, in violation of the FLSA.

On September 20, 2022, Humphreys County, Sheriff Sharkey, and Dean Johnson filed a Motion for Partial Summary Judgment [114] seeking dismissal of all claims except the FLSA claim. Tyrone Gardner had previously filed a Motion for Summary Judgment [106] seeking

---

[1] Smith amended her Complaint [1] on January 26, 2022. *See* [53].

dismissal of all claims against him as well. The Motions [106], [114] were fully briefed, though the Court had not ruled on them when the parties reached a settlement agreement in a settlement conference held before Magistrate Judge Virden on January 5, 2023. The parties have since submitted the present Joint Motion for Settlement [131] in which they seek the Court's approval of their settlement and a dismissal of Smith's claims *with prejudice*.

*Analysis*

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be[.]" 29 U.S.C. § 216(b). Employers who violate this overtime provision are liable to the affected employees for the amount of overtime wages they were not paid, as well as liquidated damages, reasonable attorneys' fees, and costs of the action. *Id*.

"An individual cannot waive their rights under the FLSA." *Ellis v. Baptist Memorial Health Care Corp.*, 2021 WL 1206408, *2 (N.D. Miss. Mar. 30, 2021) (citing *Martin v. Spring Break '83 Productions, LLC*, 688 F.3d 247, 257 (5th Cir. 2012)). Therefore, the Court typically reviews and approves FLSA settlements. *Id*. (citing *Vassallo v. Goodman Networks, Inc.*, 2016 WL 6037847, at *1 (E.D. Tex. Oct. 14, 2016)). "In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, the Court must determine (1) that the settlement resolves a bona fide dispute over FLSA provisions and (2) that the resolution is fair and reasonable." *Id*. (quoting *Lee v. Metrocare Servs.*, 2015 WL 13729679 at *1 (N.D. Tex. July 1, 2015)).

2

I. Bona Fide Dispute

First, "[t]o establish that this settlement arises from a bona fide dispute, 'some doubt must exist that the plaintiffs would succeed on the merits through litigations of their claims.'" *Stephens v. Take Paws Rescue*, 2022 WL 2132286, at *2 (E.D. La. June 14, 2022) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719-20 (E.D. La. 2008)) (additional citation omitted). The presence of an adversarial lawsuit with attorneys representing both parties is insufficient to satisfy the bona fide dispute requirement, though it is relevant. *Id.* (citing *Rosa v. Gulfcoast Wireless, Inc.*, 2018 WL 6326445, at *1 (E.D. La. Dec. 3, 2018)); *see also Ellis*, 2021 WL 1206408 at *2 (citing *Collins*, 568 F. Supp. 2d at 719-20).

Here, all parties are represented by counsel. The parties have been "actively litigating prior to reaching settlement agreement" by exchanging discovery to assess the extent and strength of Smith's FLSA claim. *See Rosa*, 2018 WL 6326445 at *1 (finding active litigation and exchange of timesheets in discovery relevant in analyzing the presence of a "bona fide dispute"). Specifically, the parties conducted depositions and exchanged interrogatories and requests for production of documents on the issue of Smith's FLSA claim. *See* [134] at 5-6. The Joint Motion [131] presented to the Court states that "time records show that Smith did receive some overtime pay while working for Humphreys County, but there is a *dispute* as to how many hours Smith actually worked and whether she was paid for every hour of overtime she worked." [131] at p. 1-2 (emphasis added). Therefore, the Court is satisfied that the proposed settlement arises from a bona fide dispute.

II. Fair and Reasonable Settlement

Second, to determine whether a settlement is fair and reasonable, the Court must consider six factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the possibility of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members.

*Ellis*, 2021 WL 1206408 at *2 (citing *Birdie v. Brandi's Hope Comm. Servs., LLC*, 2018 WL 3650243, at *2 (S.D. Miss. Aug. 1, 2018)).

"[T]here is a strong presumption in favor of finding a settlement fair." *Stephens*, 2022 WL 2132286 at *2 (citing *Camp v. Progressive Corp.*, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004) in turn citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). "While these six factors are more applicable to a collective action under FLSA than an action involving a single plaintiff, the Court will use them to guide its analysis to the extent feasible." *Rosa*, 2018 WL 6326445 at *2 (citing *Collins*, 568 F. Supp. 2d at 722).

First, "[t]he Court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Collins*, 568 F. Supp. 2 at 725 (citing *Camp*, 2004 WL 2149079 at *7). The parties contend that no fraud or collusion is present "as Plaintiff produced specific calculations and underlying rationale to explain her loss, the calculations/rationale was discussed with the magistrate judge, and calculations strictly followed the applicable statutory scheme." [134] at p. 7. The Court agrees. *See Collins*, 568 F. Supp. 2 at 725. (finding no evidence of fraud or collusion where parties engaged in extensive discovery and settlement negotiations, including mediation before a magistrate judge).

As to the second factor, the FLSA claim is not overly complex. However, the parties assert that the case has "involved significant expense in nature of depositions and discovery." [134] at p. 7. Therefore, the parties reached a settlement agreement at the pretrial conference where they

acknowledged that the FLSA claim was not at issue in the Motions for Summary Judgment [106], [114] and was limited in amount. As such, this factor supports the approval of settlement.

Third, the parties have engaged in significant discovery and had ample time to fully develop their claims and defenses. The exhibits attached to the Motions for Summary Judgment [106], [114] reflect that at least four individuals were deposed and that Humphreys County responded to Requests for Production of Documents and Requests for Admission. And again, the instant Motion [131] confirms that the parties reviewed Smith's time records. Thus, this factor weighs in favor of approving the settlement.

In evaluating factor four—the plaintiff's likelihood of success on the merits—courts have found that this factor weighs in favor of settlement where the "plaintiff's complaint appears meritorious, but [the] defendant's defenses pose a risk for plaintiff if litigation were to continue." *Rosa*, 2018 WL 6326445 at *2 (citing *Collins*, 568 F. Supp. 2 at 726). Here, the Motion [131] asserts that Smith did receive some overtime pay, but Humphreys County disputes the validity of her FLSA claim and how much more overtime pay, if any, she may be due. [131] at p. 2. The parties further explain that disputes existed as to Smith's proper classification under the FLSA and whether she did receive and should have received compensation for break time. *See* [134] at p. 6. This suggests to the Court that Smith may have a meritorious claim for unpaid wages and Humphreys County may have a defense. Therefore, the Court finds this factor supports approval of settlement.

Fifth, with respect to the range of possible recovery, the parties contend that they "reached an agreement at the upper range of possible recovery, but an agreement that is mathematically tied to the underpaid hours during the alternating weeks in excess of 40." [134] at p. 7. This satisfies the Court that Smith's claim falls within a range of recovery that is fair and reasonable. This factor

5

supports the approval of settlement. The Court need not weigh the sixth factor, which applies only to proposed settlements in class action claims.

As part of its analysis for fairness and reasonableness, the Court must also consider the reasonableness of the proposed expenses and attorneys' fees. *Ellis*, 2021 WL 1206408 at *3 (citing *Price v. On Trac Inc.*, 2018 WL 6804326 at *1 (W.D. La. Dec. 19, 2018)). The Fifth Circuit uses the lodestar method to calculate an appropriate award of attorneys' fees under the FLSA. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999)). "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Id*. (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). After calculating the lodestar, the court may adjust the amount of attorneys' fees based on the relative weight of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Id*. (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010)).

Here, Smith's counsel requests the cost of the filing fee and $2,500 in attorneys' fees. As to the filing fee, the Court finds this request reasonable as the FLSA provides that the plaintiff may recover "costs of the action" in addition to any judgment awarded. 29 U.S.C. § 216(b).

As to the attorneys' fees, plaintiff's counsel contends that the fee requested represents 12.5 hours of work billed at $200 per hour. With respect to the number of hours billed, counsel asserts that the billed time only represents time incurred on the FLSA claim, not the retaliation claims. Counsel alleges that "the FLSA claim required separate lines of written discovery and deposition testimony; review of materials distinct from the other claims brought by Plaintiff; separate legal research; and, a specific damages calculation separate from the damages sought in the civil rights

6

claims." [134] at p. 8. The Court noted questions pertinent to Smith's FLSA claim in the depositions attached to the Motions for Summary Judgment [106], [114]. The Court accepts counsel's representation that 12.5 hours was spent on the FLSA claim.

As to the proposed $200 per hour billing rate, counsel asserts that this hourly rate is at the lower end of the hourly range submitted to Mississippi federal courts. "When an attorney's billing rate is not contested, it is *prima facie* reasonable." *DeArmond v. Alliance Energy Services, LLC*, 2018 WL 2463207, at *5 (E.D. La. June 1, 2018) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995)). Accordingly, multiplying 12.5 hours by $200, the Court calculates the lodestar amount to be $2,500 as requested.

"There is a strong presumption that the lodestar award established by the district court is the reasonable fee." *Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 F. App'x 341, 341 (5th Cir. 2007) (per curiam) (citing *Heidtman*, 171 F.3d at 1044). In exceptional cases, the Court may increase or decrease the lodestar based on the factors outlined in *Johnson*:

> (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n.18 (5th Cir. 2006) (citing *Johnson*, 488 F.2d at 17-19).

The Fifth Circuit has cautioned that any *Johnson* factor already considered in the lodestar amount should be disregarded in determining whether the lodestar should be adjusted. *Hendrix v.*

7

*Evergreen Hauling*, 2019 WL 138160, at *4 (N.D. Miss. Jan. 8, 2019) (citing *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998)). Factors one, two, three, four, five, seven, eight, and nine are usually implicated in the lodestar calculation. *See Michael v. Boutwell*, 2015 WL 9307838, at *2 (N.D. Miss. Dec. 21, 2015) (citing *Sales v. Bailey*, 2015 WL 1825060, at *4 (N.D. Miss. Apr. 22, 2015)) (additional citations omitted). Moreover, since *Johnson* was decided, the Supreme Court has held that the sixth factor should not be considered. *Sales*, 2015 WL 1825060 at *4 (citing *City of Burlington v. Dague*, 505 U.S. 557, 567, 112 S. Ct. 638, 120 L. Ed. 2d 449 (1992)). This leaves the Court to consider factors ten, eleven, and twelve.

As to factors ten and eleven, the parties have not provided specific facts relevant to whether this case was undesirable or the nature and length of Smith's relationship with her counsel. Nevertheless, the Court has been made aware of no circumstances relevant to these factors that would warrant departure from the lodestar amount.

As to factor twelve—awards in similar cases—the Court notes that "it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples." *Howe*, 215 F. App'x at 341-42. Here, the proposed settlement would award the Plaintiff $2,500 and her attorney $2,500 in fees. The Court finds this one-to-one ratio within the range permitted by the Fifth Circuit. *See Howe*, 215 F. App'x at 341 (affirming award of $23,357.30 in damages and $129,805.50 in attorneys' fees); *Lucio-Cantu v. Vela*, 239 F. App'x 866, 867-68 (5th Cir. 2007) (affirming award of $4,696.79 in overtime compensation and $51,750 in attorneys' fees); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) (affirming award of $1,181 in overtime compensation and $9,250 in attorneys' fees). Therefore, having considered the *Johnson* factors and the fact that there is no opposition to the requested attorneys' fees, the Court finds no reason to depart from the lodestar amount of $2,500.

*Conclusion*

The Court finds that the proposed settlement, including the proposed costs and attorneys' fees, represents a fair and reasonable resolution of a bona fide dispute. The Joint Motion for Settlement [131] is APPROVED. All claims are hereby dismissed *with prejudice*. This CASE is CLOSED.

SO ORDERED, this the 21st day of March, 2023.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE